UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                          24-CR-6045-MAV-CDH

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

JOHN ENGLER and ALEC DIERNA,

Defendants.

Defendants John Engler and Alex Dierna (jointly, the "Defendants") are two of eight defendants in the matter of *United States of America v. Costanza, et al.*, 24-CR-6045. Engler and Dierna are charged by a 51-count second superseding indictment (the "Indictment") with one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349, 49 counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 2, and one count of conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956(h). ECF No. 79. The Indictment also contains forfeiture allegations. *Id.*

Before the Court is Magistrate Judge Colleen D. Holland's January 29, 2026 Report and Recommendation ("R&R"), ECF No. 268, recommending, after oral argument and authorizing supplemental submissions, that: Defendants' motion to dismiss the Indictment (ECF No. 184) be denied, *see* ECF No. 268 at 16–35; and Defendants' motion to suppress and for a *Franks*[1] hearing (ECF Nos. 182, 185) be

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

1

denied, *see* ECF No. 268 at 35–56. *See* 28 U.S.C. § 636(b)(1)(A)–(B). Engler and Dierna each filed timely objections to the R&R. [2] ECF Nos. 270, 271. The government filed a response to Defendants' objections. ECF No. 280.

For the following reasons, the Court OVERRULES the Defendants' objections and ADOPTS the R&R as the opinion of the Court. Accordingly, Defendants' motion to dismiss the Indictment (ECF No. 184) and motion to suppress or for a *Franks* hearing in the alternative (ECF Nos. 182, 185) are DENIED.

## BACKGROUND

The parties' familiarity with the factual and procedural background of this case is presumed but the following facts, taken from the R&R, are briefly restated. As part of the criminal investigation in this matter, a United States Postal Inspector ("Inspector Homer") submitted an affidavit in support of an application for a search warrant in November 2021. ECF No. 268 at 4–5. The affidavit asserted, *inter alia,* that Defendants and their conspirators engaged in a "scheme to defraud" various businesses by "mass-mailing fraudulent documents . . . that mimicked invoices seeking payment of goods that had neither been ordered nor delivered." *Id.* at 5. The affidavit included images of the front and back of an example "invoice," and acknowledged that "[t]ucked away on the reverse side [of the mailings] was a disclaimer advising that there was no obligation to pay the amount set forth on the front side." *Id.* A magistrate judge authorized the warrant, resulting in the search of

---

[2] Judge Holland's January 29, 2026 order also included a Decision and Order on non-dispositive motions. *See* ECF No. 268 at 56. Among such rulings were Judge Holland's granting of the Defendants' motions to join the substantive submissions of the other. *See id.* at 2, 11, 13. The Court thus treats the dispositive motions at issue in the R&R as submitted jointly by the Defendants and considers the totality of arguments raised by both Defendants in objection to the R&R.

two commercial addresses. *Id.* at 4–5. Defendants seek to suppress physical evidence and data obtained through the execution of the November 2021 search warrant, or in the alternative, for a *Franks* hearing. *See* ECF Nos. 182, 185.

The Indictment alleges that Defendants and others engaged in a conspiracy to "mass mail documents that appeared to be legitimate invoices to many thousands of primarily large companies throughout the United States" in order to "trick and defraud the 'Victim Companies' into paying the fake and fictitious invoices . . . under the mistaken belief that the Victim Companies had previously ordered and received the products listed on the fictitious invoices." ECF No. 268 at 2–3. The Indictment alleges that approximately 5,458 Victim Companies were "defrauded" by the Defendants' mailings, resulting in 8,613 payments, totaling more than $8 million. *Id.* at 3. The Indictment further alleges that Defendants "attempted to cover up their fraud by having delivered to such Victim Companies inexpensive products worth substantially less than what the Victim Companies had been charged," and delaying product delivery by "several weeks and months" after payment, failing to include shipping documents "that would have connected to the products [shipped] to the fictitious invoice[s]," failing to include "any information identifying that the products had been purchased from the 'Sham Companies,'" as well as listing return-address information on the shipping labels that were disconnected from the Sham Companies. *Id.* at 3–4. Defendants seek to dismiss the Indictment for failing to allege an offense and as a sanction for alleged prosecutorial misconduct. ECF No. 184; *see* ECF No. 193.

## LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but the objections must be "specific[,] written," and submitted within fourteen days after service of the recommended disposition, Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail, *see* Fed. R. Civ. P. 6(d).

Insofar as a report and recommendation addresses a dispositive motion, a district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The clearly erroneous standard also applies when a party makes only conclusory or general objections or only reiterates arguments already made. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

## DISCUSSION

Dierna's filing purports to raise three (3) objections to the R&R with respect to its recommended disposition of the Defendants' motion for a *Franks* hearing, arguing that the magistrate judge applied the incorrect standard in assessing whether a *Franks* hearing was warranted and misapplied the law in analyzing certain of the warrant affiant's statements and omissions—namely, Inspector Homer's

4

characterization of the mailers as "fraudulent documents" in the warrant and his omissions of facts showing product shipments. ECF No. 271 at 2–5.

At first glance, Engler purports to raise eighteen (18) distinct objections to the R&R. ECF No. 270 at ¶¶ 7–24 (separately denoting Objections #1 through #18). However, in substance, his filing raises six (6) issues with respect to the R&R—that (1) the Indictment fails to allege "fraud" or "deception" as a matter of law, and the R&R erroneously treated Defendants' arguments as questions of fact that a jury must resolve, *see id.* at ¶¶ 7–11, 20; (2) the Indictment should have been dismissed because the government abused the grand jury subpoena process as a discovery device, *see id.* at ¶¶ 12–13; (3) in the warrant application, Inspector Homer made a false statement that an alleged Victim Company had "never received" a product it ordered and made affirmative misrepresentations, rather than mere opinions, about the Defendants' intent to harm the alleged Victim Companies, *see id.* at ¶¶ 14–15, 17, 24; (4) Inspector Homer omitted evidence from the warrant application showing product deliveries, which establish that alleged Victim Companies "got what they paid for," *see id.* at ¶¶ 14–15, 17–18, 22; (5) such misrepresentations and omissions constituted a sufficient showing that Inspector Homer intended to mislead the evaluating judge into signing the warrant thereby justifying a *Franks* hearing, *see id.* at ¶¶ 14–22; and (6) the evidence resulting from the warrant's execution should have been suppressed because such statements and omissions by Inspector Homer were material to the finding of probable cause and would have established that Defendants were not guilty of intending to deceive or harm any alleged Victim Companies, *see id.* at ¶¶ 14—24. *See Freeman v. Rochester Psychiatric Ctr.*, No. 12-CV-6045, 2016 WL 748683, at *1

(W.D.N.Y. Feb. 26, 2016) (organizing the substance of a multi-paragraphed objection into principal issues).

In response, the government contends that the R&R was correct in finding that Defendants' positions on their motion to dismiss the Indictment seek to prematurely adjudicate the sufficiency of the government's case and seek to impose sanctions without a factual basis. ECF No. 280 at 1–2. The government also argues that the R&R correctly found that Defendants did not make a substantial preliminary showing that Inspector Homer intentionally attempted to mislead the issuing-magistrate judge into authorizing the November 2021 warrant, by omitting evidence or making false statements, and that there was probable cause to sustain the search warrant's authorization. *Id.* at 3–4.

## I.    Recommendation to Deny Motion to Dismiss the Indictment

Dismissal of the Indictment in this matter is not warranted for "fail[ing] to state an offense" as a matter of law. Fed. R. Crim. P. 12(b)(3)(B)(v). "The essential elements of mail . . . fraud are (1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails . . . to further the scheme." *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017) (citation and brackets omitted); *see also* 18 U.S.C. § 1349 ("Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."). As the Supreme Court clarified in May 2025, "[u]nder [a] fraudulent-inducement theory, a defendant commits federal fraud whenever he uses a material misstatement to trick a victim into a contract that requires handing over her money or property—regardless

6

of whether the fraudster, who often provides something in return, seeks to cause the victim net pecuniary loss." *Kousisis v. United States*, 605 U.S. 114, 118 (2025) (emphasis omitted); *see United States v. Runner*, 143 F.4th 146, 156–57 (2d Cir 2025) (applying *Kousisis* to both the wire fraud and mail fraud statutes, 18 U.S.C. §§ 1341–43). "[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."[3] *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (quotation omitted); *see United States v. Frias*, 521 F.3d 229, 235 (2d Cir. 2008).

Many of Defendants' arguments in objection to the R&R are dispelled by the Supreme Court's 2025 decision in *Kousisis* and the Second Circuit's application of the same in *Runner*. Judge Holland specifically noted in the R&R that Defendants did not discuss either of these cases, ECF No. 268 at 23; nor have Defendants addressed these cases in their objections, continuing instead to rely on caselaw that *Kousisis* abrogated, ECF No. 270 at ¶¶ 7–24 (citing and discussing, *e.g.*, *United States v. Shellef*, 507 F.3d 82 (2d Cir. 2007); *United States v. Starr*, 816 F.2d 94 (2d Cir. 1987); *Regents Off. Supply Co.*, 421 F.2d 1174 (2d Cir. 1970)).[4] Defendants' contentions that the Indictment is legally deficient because it does not grapple with the facts that there is evidence, according to Defendants, that alleged Victim Companies "got what they

---

[3] "Defendants [have] not dispute[d] that the second superseding indictment tracks the language of the relevant statutes and provides adequate detail regarding the time and place of the charged offenses." ECF No. 268 at 17.

[4] *Compare, e.g.*, ECF No. 270 at ¶ 20 (claiming the R&R's statement that "the alleged fraud was complete when the businesses paid for the products under the false pretenses that they had already ordered or received them" is "directly contrary to applicable law"), *with Kousisis*, 605 U.S. at 127 n.5 ("[A] fraud is complete when the defendant has induced the deprivation of money or property under materially false pretenses.").

paid for," and/or that Defendants did not "get something for nothing," are erroneous and are overruled.

Defendants' remaining objections that the Indictment must be dismissed for failure to allege an offense largely rehash their arguments to the Magistrate Court, which were entertained at length by Judge Holland. Even if the underlying legal bases for their arguments were not incorrect, Defendants continue to essentially characterize the sufficiency of the government's evidence and have set forth no basis on which a jury would be compelled to agree with such characterizations. It is premature for a district court to "look[] beyond the face of the indictment and dr[a]w inferences as to the proof that would be introduced by the government at trial," *i.e.*, to make "an inquiry into the sufficiency of the evidence" at the motion-to-dismiss stage, and thus Defendants' objections here must be overruled. *Alfonso*, 143 F.3d at 776; *see, e.g., Sampson*, 898 F.3d at 278 (reversing district court's dismissal of an indictment because "the district court made an implicit factual determination that [the defendant] possessed the requisite fraudulent intent . . . in 1998 and 2002, when he failed timely to remit the surplus funds," which "constituted a premature adjudication as to the sufficiency of the government's evidence and was thus improper at the Rule 12(b) stage.").

Lastly, Defendants have not demonstrated any error in the R&R's denial of their motion to dismiss on the grounds that the government allegedly abused its use of grand jury subpoenas. ECF No. 270 at ¶¶ 12–13. Defendants' objections are conclusory, and there is no basis to reverse the R&R to find that the government attempted to circumvent the discovery process in this matter. *See* ECF No. 268 at 27–

8

29; *see also, e.g., Freeman,* 2016 WL 748683, at *1 (applying the "clear error" standard where "[p]laintiff's Objections do not point to any error in the Report and Recommendation's legal analysis or identify any facts or issues that were overlooked."). Defendants' objections are overruled.

## II.     Recommendation to Deny Motion to Suppress, or for a *Franks* Hearing in the Alternative

Several of Defendants' objections to the R&R on their motion to suppress or for a *Franks* hearing are premised on their faulty understanding of controlling case law regarding a fraudulent inducement theory. *See, e.g.,* ECF Nos. 270, 271 (arguing that evidence of product shipments demonstrated factual omissions by Inspector Homer in the warrant application and showed his intent to deceive the magistrate judge, which required a *Franks* hearing, and that this omitted evidence was material to the finding of probable cause)[5]; *see also supra* Section I. Defendants have failed to demonstrate the requisite showing of materiality to warrant a *Franks* hearing, let alone suppression. *See United States v. Sandalo,* 70 F.4th 77, 85 (2d Cir. 2023) ("To be entitled to a *Franks* hearing, a defendant must make a substantial preliminary showing to (1) falsity, that a false statement was included by the affiant in the warrant affidavit, (2) knowledge, that the affiant made the allegedly false statements knowing and intentionally, or with reckless disregard for the truth, and (3) materiality, that the allegedly false statement is necessary to the finding of probable

---

[5] *See, e.g.,* ECF No. 271 at 5 ("Inspector Homer's material omissions with respect to products having been shipped and actual knowledge of [the] same even to the point of having two (2) deliveries received and retained . . . is a glaring omission and blatant falsehood which bears materially upon the truth and veracity of Inspector Homer and thus impugns the integrity of his search warrant application *in toto*.").

cause." (quotations and alterations omitted)); *United States v. Mandell*, 752 F.3d 544, 551–52 (2d Cir. 2014) ("[T]he district court did not clearly err in rejecting [the defendant's] arguments that the agent in question made intentional and material misrepresentations and omissions in his affidavit [to sustain his burden under *Franks*]. Accordingly, we affirm the district court's holding that [the defendant] failed to make a substantial preliminary showing of a *Franks* violation and the district court's decision to deny his motion to suppress.").

Relatedly, it was not error for the R&R to consider the law pertaining to the particular crime(s) at issue in this matter when evaluating whether a *Franks* hearing, or suppression, was warranted. Whether probable cause of a crime exists, or an intent to manufacture a finding of probable cause, is necessarily tied to the law of what precise crime is contemplated. Under *Kousisis* and *Runner*, Defendants' arguments must, plainly, be overruled.

Defendants' remaining arguments that Inspector Homer's affirmative characterization of the mailers as "fraudulent documents" and that he made other affirmative misrepresentations, rather than mere opinions, about the Defendants' intent to harm the alleged Victim Companies are, under *de novo* review, insufficient to warrant a *Franks* hearing or suppression of the evidence obtained as a result of the search warrant's execution. The magistrate judge who authorized the warrant had a full example of an "invoice" to review in considering the application, the warrant application expressly identified the "disclaimer" on the back of the mailing, and "[a] statement in a warrant application is not false merely because it summarizes or characterizes the facts in a particular way." *United States v. Hare*, 772 F.2d 139,

10

141 (5th Cir. 1985); *United States v. Moody*, 931 F.3d 366, 371 (4th Cir. 2019) (explaining a defendant cannot show falsity for *Franks* purposes based "on a purely subjective disagreement with how the affidavit characterizes the facts"); *see Rivera v. United States*, 928 F.2d 592, 604 (2d Cir. 1991) ("The *Franks* standard is a high one.").

## CONCLUSION

Having carefully reviewed Magistrate Judge Holland's thorough and well-reasoned R&R, the Defendants' objections, and the underlying record *de novo* with respect to any proper objection, the Court finds no error, clear or otherwise, in the R&R. Accordingly, the Defendants' motion to dismiss the Indictment (ECF No. 184) and motion to suppress or for a *Franks* hearing in the alternative (ECF Nos. 182, 185) are DENIED.

SO ORDERED.

Dated:   March 20, 2026
         Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge

11